## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RYAN CAIN on behalf of himself and     :
others similarly situated,              :
                                        :
      Plaintiff,                  :     Case No.
                                        :
v.                                      :
                                        :     CLASS ACTION COMPLAINT
SUPREME ADVOCATES, INC.                 :
                                        :
      Defendant.                  :

_____

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2.      Plaintiff Ryan Cain brings this action to enforce the consumer-privacy provisions of the TCPA.

3.      Supreme Advocates, Inc. ("Supreme" or "Defendant") sent pre-recorded calls to the cellular telephone of the Plaintiff and other putative class members.

4.      The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of

thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

### Parties

5.     Plaintiff Ryan Cain is a resident of the Commonwealth of Massachusetts and this District.

6.     Defendant Supreme Advocates, Inc. has a principal place of business located at 6400 Oak Canyon, Suite 150, Irvine, CA 92618 and a registered agent of Samson Ly at the same address.

### Jurisdiction & Venue

7.     The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing call to the Plaintiff was placed into this District.

### The Telephone Consumer Protection Act

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

14.     Defendant is in the business of selling debt resolution services.

15.     One of Defendant's strategies for marketing its services and generating new customers is telemarketing.

16.     That telemarketing strategy for generating new customers involves the use of pre-recorded messages.

17.     Recipients of these calls, including Plaintiff, did not consent to receive them.

18.     Defendant used this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, only talk to individuals who pick up the telephone or respond to the contact from the recorded messages.

Calls to Plaintiff Ryan Cain

19.     Plaintiff Cain is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

20.     Mr. Cain has received pre-recorded calls from the Defendant on his cellular telephone line (781) 435-XXX.

21.     He received calls on at least June 17, 2020 and October 1, 2020.

22.     The pre-recorded messages were generic regarding credit relief services and they invited the recipient to call back the telephone number of 949-591-8920.

23.     In order to investigate the calls he had received, Mr. Cain called back the number left in the voicemail, 949-591-8920.

24.     Mr. Cain spoke with "Evelyn" who said she worked for Supreme Advocates in Irvine, CA and asked about debt consolidation as well as COVID lending assistance needs.

25.     Evelyn started to ask for personal information and Mr. Cain ended the

conversation.

26.     Evelyn referred Mr. Cain to www.supremeadvocates.com for more information.

27.     That's a website owned by the Defendant.

28.     Plaintiff did not provide prior express written consent to receive prerecorded calls

from, or on behalf of, Defendant.

29.     The calls were not necessitated by an emergency.

30.     Plaintiff's privacy has been violated by the above-described telemarketing

robocalls from, or on behalf of, Defendant. The calls were an annoying, harassing nuisance.

31.     Other individuals have complained about receiving pre-recorded voice calls from

that same 949-591-8920 number:

> These people leave me voicemails all the time. When they call they call from a
> spoofed number, it only rings once so you can't answer and then they leave a
> voicemail of a recorded message from someone named "David" When you call
> sometimes they say their name is Quick Funding. Sometimes it's Simple Funding.
> Definitely scammers.

*See* https://www.reddit.com/r/ScamNumbers/comments/ihnft6/949_5918920/ (Last Visited

November 30, 2020).

32.     Individuals have also registered complaints with the Better Business Bureau:

> Got a voice-mail from David saying to call and he had my profile open. When i
> called i did not speak to David. When i asked the lady what was in my profile, she
> told me that there was no profile. And, they only say that to get people to call back.
> Sounds like a scam.

*See* https://www.bbb.org/us/ca/irvine/profile/debt-consolidation-services/supreme-advocates-

1126-1000074140/customer-reviews (Last Visited November 30, 2020).

33.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

34.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

35.     The class of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

This proposed definition is referred to as the "Class".

36.     Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

37.     The class as defined above is identifiable through phone records and phone number databases.

38.     The potential class members number at least in the thousands, since automated and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individual a day. Individual joinder of these persons is impracticable.

39.     Plaintiff is a member of the Class.

40.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a)  Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

b)  Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

c)  Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

41.     Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

42.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

43.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for

small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

45.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**

**Count One:**
**Violation of the TCPA's Automated Calling provisions**

47.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

49.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from making pre-recorded calls, other than for emergency purposes, to any cellular telephone number in the future.

51.     The Defendant's violations were negligent and/or knowing.

### Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from making pre-recorded calls, other than for emergency purposes, to any cellular telephone number in the future.

F.     An award to Plaintiff and the Class of damages, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
160 Speen Street, Suite 309
Framingham, MA 01702
508-309-4880
alex@cwlawgrouppc.com

Dated: December 2, 2020